

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-13-00307-CV

___

IN THE MATTER OF T.N.

___

On Appeal from the 99th District Court,
Sitting as a Juvenile Court, Lubbock County, Texas
Trial Court No. 2011-764,365, Honorable Melissa Jo McNamara, Magistrate

___

April 9, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

T.N., a juvenile,[1] appeals an order of the Juvenile Court of Lubbock County modifying his existing order of probation and committing him to a long-term residential treatment program in the county juvenile detention center. His court-appointed appellate counsel has filed a motion to withdraw supported by an *Anders*[2] brief. We will grant counsel's motion to withdraw and affirm the order of the juvenile court.

---

[1] We refer to the child and his mother by their initials only. *See* TEX. FAM. CODE ANN. § 56.01(j) (West Supp. 2013); TEX. R. APP. P. 9.8(c).

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re D.A.S.,* 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (finding procedures enumerated in *Anders* apply to juvenile matters).

Background

Supervision of T.N. by the juvenile probation department began in October 2011 with his placement under a "deferred prosecution agreement." For a later offense, he was adjudicated delinquent in December 2011, and placed under an order of probation. He remains on that status to the present.

In July 2013, T.N. committed the offense of unauthorized use of a vehicle.[3] This conduct also violated a condition of his probation. The State sought modification of T.N.'s probation including long-term placement in the county juvenile detention center.

At the hearing on the State's motion to modify, T.N. plead true to the violation alleged. A contested disposition hearing immediately followed.

Evidence at the hearing showed that, prior to his current offense, T.N. had six contacts with juvenile authorities dating to September 2011. The contacts concerned the alleged offenses of possession of a controlled substance; Class B misdemeanor theft; violation of an order of the juvenile court; tampering with or fabricating physical evidence (with related allegations of possession of a dangerous drug, Class B misdemeanor criminal mischief, and evading arrest or detention); burglary of a building; and harassment by a person in a correctional facility. After the harassment offense T.N. was placed in a residential substance abuse treatment program. He successfully completed the program. Testifying for the State, T.N.'s probation officer discussed

---

[3] TEX. PENAL CODE ANN. § 31.07(a) (West 2011). The offense is a state jail felony. *Id.* at (b).

T.N.'s prior offenses and mentioned facts supporting his opinion that placement in the department's long-term detention program was in T.N.'s best interest.

After the State rested, the defense presented a "community" plan for supervising T.N. if released on conditions. Three family friends testified of their willingness to help. One of these, an electrician, indicated the possibility of weekend work for T.N. T.N.'s mother L.N. asked for conditional release including family counseling and a leg monitor. She offered to present T.N. for weekly urine tests. L.N. also provided the written statement of her landlord. It expressed the writer's favorable observation of T.N. and was admitted into evidence without objection. T.N. pointed out his improvement since he completed the residential treatment program and explained why he did not believe the long-term program would be beneficial.

After the parties' presentations, the juvenile court rendered an order modifying T.N.'s probation, adding placement in the long-term program as well as post-release electronic monitoring and participation in an intensive education program. T.N. timely appealed.

Analysis

Through his motion to withdraw and *Anders* brief, counsel for T.N. demonstrates a diligent review of the record. The brief discusses in detail the procedural history, facts, and law applicable to the case. He concludes under the controlling authorities this appeal presents no reversible error or legitimate grounds for predicating a meritorious appeal.

3

Counsel certifies he served T.N. a copy of the motion to withdraw and *Anders* brief, and advised T.N. of the right to review the record and file a *pro se* response.[4] *Johnson v. State,* 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. refused). By letter, we notified T.N. and L.N. of the opportunity to respond to counsel's motion to withdraw and *Anders* brief. Neither filed a response.

In conformity with the standards for review after counsel files an *Anders* brief, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If this court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We have reviewed the entire record to determine the existence of any arguable grounds for appeal. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal has no merit.

---

[4] Counsel also sent a copy of the motion to withdraw and brief to L.N.

Conclusion

The motion of counsel to withdraw is granted and the order of the juvenile court is affirmed.[5]  TEX. R. APP. P. 43.2(a).


James T. Campbell
Justice


Do not publish.

---

[5] Counsel shall, within five days after this opinion is handed down, mail T.N. and L.N. a copy of the opinion and judgment, along with notification of the right to file a *pro se* petition for discretionary review under appellate rule 53.  The documents and notification shall be sent to T.N. and L.N. at their last known addresses via certified mail, return receipt requested. Counsel shall also send this court a letter certifying compliance and attaching a copy of the return receipts within the time for filing a motion for rehearing. TEX. R. APP. P. 2; *cf.* TEX. R. APP. P. 48.4 ("opinion sent to criminal defendant").